*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, HOUTZ, and MYERS
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Dnarius C. ROBERTSON**
Corporal (E-4), U.S. Marine Corps
*Appellant*

**No. 202000281**

Decided: 18 October 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Michael D. Zimmerman

Sentence adjudged 23 October 2020 by a special court-martial convened at Marine Corps Base Quantico, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for four months, and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander E. L. Alexander, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[1]

However, we note that the Statement of Trial Results [SOTR] incorrectly states that Appellant's conviction is *not* a crime of domestic violence as defined in Dep't of Def. Instr. 6400.06, *Domestic Abuse Involving DoD Military and Certain Affiliated Personnel*, encl. 2 (Ch. 4, May 26, 2017) [DoDI 6400.06] and does *not* trigger the prohibition against possessing a firearm in accordance with 18 U.S.C. § 922. Appellant was convicted of child endangerment by culpable negligence resulting in harm, in violation of Article 119b, Uniform Code of Military Justice,[2] for shaking and squeezing the torso of his two-month-old son, resulting in three rib fractures, two clavicle fractures, and bilateral, subconjunctival hemorrhage of the eyes. This *is* a crime of domestic violence, which triggers the prohibition against firearm possession.[3] Accordingly, we order correction of the SOTR to reflect the same.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

_____

[1] Uniform Code of Military Justice [UCMJ] arts. 59, 66, 10 U.S.C. §§ 859, 866.

[2] 10 U.S.C. § 919b.

[3] *See* DoDI 6400.06, encl. 2 (defining the crime of domestic violence as "an offense that has as its factual basis, the use . . . of physical force . . . committed by a . . . parent . . . of the victim"); 18 U.S.C § 922(g)(9) (prohibiting firearm possession for a person convicted of a crime of domestic violence).